UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. CARPENTER,

    Plaintiff,

Case No. 4:06-cv-72

v

Hon. Wendell A. Miles

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

ORDER ON MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

    Plaintiff William E. Carpenter brought this action challenging the decision of the Commissioner of Social Security ("the Commissioner") denying his claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. On May 18, 2007, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that the Commissioner's decision be affirmed. Plaintiff has filed a timely objection to the R & R, which he has supplemented with an additional timely objection.

    The court, having reviewed the R & R filed by the United States Magistrate Judge in this action, having reviewed plaintiff's objections, and having reviewed the entirety of the administrative record and other relevant portions of the file, agrees with the Magistrate Judge's conclusion that Commissioner's decision should be affirmed.

    In his initial objections to the R & R, plaintiff argues that the Magistrate Judge erred in concluding that the ALJ properly relied on the vocational expert's testimony that plaintiff could

perform his past relevant work. Plaintiff argues that there are contradictions in the vocational expert's testimony in response to two different hypothetical questions posed by the ALJ. The first hypothetical assumed that plaintiff had certain limitations which he claimed in his testimony; the second hypothetical did not. Based on his findings regarding plaintiff's residual functional capacity and the vocational expert's answers, the ALJ concluded that plaintiff could perform his past relevant work as an injection mold operator, classified as light and unskilled. Plaintiff fails to show any contradictions in the vocational expert's testimony, and the Magistrate Judge did not err in concluding that the ALJ's decision, which relies in part on the expert's testimony, is supported by substantial evidence.

In his initial objection, plaintiff also objects to the Magistrate Judge's conclusion that the ALJ's finding of plaintiff's age to be 55 – rather than 60 – is supported by substantial evidence. Plaintiff argues that *if* he was unable to perform his past relevant work, then whether he was in fact 55 or 60 years of age becomes highly relevant. Plaintiff contends that it was error to reject as proof of age the Certification of Birth obtained from the Cook County Clerk's office, showing plaintiff's year of birth to be 1945, rather than 1950 as stated in numerous other records.

The court's conclusion that there is substantial evidence supporting the ALJ's finding that plaintiff was able to perform his past relevant work means that resolution of plaintiff's objection regarding his age does not lead to a different result. However, it is nonetheless noted that the record contains substantial evidence, including plaintiff's own application for benefits and numerous medical records, that plaintiff was born in 1950. The ALJ weighed this evidence and expressly found that the greater weight of the evidence showed that plaintiff was born in 1950. Moreover, the clear import of plaintiff's change in position as to his exact age is that he was deceptive regarding his age, which would provide additional support for the ALJ's finding

that plaintiff's allegations regarding his limitations were "not totally credible."  (Tr. 19, ¶ 5.)

Plaintiff's final objection also relates to his credibility.  In his supplemental objection, plaintiff argues that the Magistrate Judge failed to discuss or adequately consider the ALJ's failure to consider plaintiff's migraine headaches and fatigue in determining plaintiff's residual functional capacity.  Plaintiff's current argument regarding his alleged fatigue appears to be new, insofar as neither of his briefs filed earlier in the case refer to this fatigue.  It is notable that plaintiff has not cited to any portion of the medical records documenting his complaints of fatigue.  Although plaintiff's attorney appears to have attempted at the administrative hearing to elicit testimony from plaintiff suggestive of fatigue, the ALJ – as noted above – did not find plaintiff's allegations regarding his limitations to be totally credible, and his findings regarding plaintiff's residual functional capacity indicate that he did not find plaintiff to suffer from debilitating fatigue.  Regarding plaintiff's migraine headaches, the ALJ expressly considered that plaintiff suffered from episodic migraine headaches (Tr. 16) which were "helped" by prescribed medication (Tr. 17).  The ALJ also noted that plaintiff's history of migraines was "long," that medication was effective for relief of pain, and that plaintiff's impairments (presumably including his headaches) had not caused him to leave his most recent job, from which he was laid off (Id.).  Under the circumstances, the court is at a loss to explain why plaintiff has raised supplemental objections regarding his headaches and fatigue.  These objections are rejected.

The court adopts the R & R as the decision of the court.


Entered this 20th day of July, 2007.

                                         /s/ Wendell A. Miles
                                       Wendell A. Miles, Senior Judge